**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Garey Smith,

                Petitioner

        V.                                        Case No. 1:08cv579

Warden, Southern Ohio                      Judge Michael R. Barrett
Correctional Facility,

                Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254. The matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 77) recommending that the Petition for Writ of Habeas Corpus be denied with prejudice and upon Petitioner's objections (Doc. 80).

## I.    BACKGROUND

The factual and procedural background of this case has been more than adequately outlined by the Magistrate Judge and in this Court's ruling upon Petitioner's related habeas corpus action. *See Smith v. Warden, Southern Ohio Correctional Facility*, No. 1:07cv977, 2009 WL 4281095, *2-15 (S.D. Ohio Nov. 24, 2009) (slip. op.). Therefore, the same will not be repeated here except to the extent it is relevant to address Petitioner's objections.

Criminal charges were brought against Petitioner based upon a shooting incident which resulted in the death of one victim and serious injury to three other victims. Petitioner was charged as follows: Count 1 (aggravated murder of victim Jimmy Gordon with death penalty specifications); Count 2 (felonious assault of Steven Franklin); Count 3 (felonious assault of Steven Franklin); Count 4 (attempted murder of Steven Franklin); Count 5 (felonious assault of Jeffrey King); Count 6 (felonious assault of Jeffrey King); Count 7 (attempted murder of Jeffrey King); Count 8 (felonious assault of Andre Ridley); Count 9 (felonious assault of Andre Ridley); Count 10 (attempted murder of Andre Ridley); Count 11 (weapon under a disability). (Doc. 62, Ex. 1.) The attempted murder and felonious assault charges carried firearm specifications.

After a jury trial, Petitioner was found guilty of the lesser offense of murder with specifications; two counts of attempted murder with specifications; all felonious assault charges with specifications; and having a weapon while under a disability. Petitioner was acquitted on the third count of attempted murder in Count 7. (Doc. 62, Ex. 3F.) Petitioner was sentenced to an aggregate prison term of 47 years to life, with some of the felonious assault and attempted murder convictions merged for sentencing purposes to the extent the offenses involved the same victim. (Doc. 62, Ex. 2.)

Petitioner appealed his convictions, claiming that he was deprived of his right to represent himself and the prosecutor engaged in misconduct during closing argument. On January 24, 2004, the Ohio Court of Appeals reversed the convictions and remanded the case for a new trial based on the denial of Petitioner's constitutional right to defend himself. *State v. Smith*, 2004 WL 102285, *7 (Ohio Ct. App. Jan. 23, 2004) (unpublished). However, the appeals court also briefly addressed the prosecutorial conduct claim:

> Although not central to the disposition of this appeal, we feel compelled to comment on Smith's allegations of prosecutorial misconduct during closing argument. We agree that the prosecutor's comments on the veracity of Smith, his admitted attempts to bait Smith into losing his temper, and his comments on facts not in evidence were improper. The prosecutor's actions under other circumstances may have provided a basis for reversal and the order of a new trial, but given our disposition of the first assignment of error, this issue has been rendered moot.

*Id.*

On remand, the trial court conducted a new trial on the lesser charge of murder with specifications and all other counts contained in the original indictment which had not resulted in acquittal at the first trial. On June 22, 2004, Petitioner filed a motion to dismiss the renewed criminal charges based on the prosecutor's "egregious misconduct" during the first trial. On August 10, 2004, the trial court overruled the motion to dismiss. On August 27, 2004, Petitioner filed the instant action, claiming a double jeopardy violation based on prosecutorial misconduct.[1]

In October of 2004, the state trial court proceeded with the second trial, which culminated in a hung jury on the murder and attempted murder counts, guilty verdicts on the remaining six felonious assault counts with specifications, and a guilty verdict on the weapons-under-disability charge. Petitioner appealed his convictions and sentences. The Ohio Court of Appeals affirmed in part and reversed in part, and remanded to the state court for a new trial on two of the felonious assault counts and re-sentencing on the remaining counts. *State v. Smith*, 858 N.E.2d 1222, 1249 (Ohio Ct. App. 2006).

On March 25, 2005, this Court stayed this action and administratively terminated the

---

[1] Petitioner later expanded the basis for his double jeopardy claim, arguing the re-trial on the merged counts was unconstitutional (Doc. 68) and multiple punishments for the same offense were prohibited (Doc. 74).

case pending Petitioner's exhaustion of his state remedies. (Doc. 32.) Petitioner appealed that decision. (Doc. 36.) Thereafter, this Court granted Respondent's Motion to Alter Judgment and dismissed this case without prejudice to refiling after Petitioner exhausted his state court remedies. (Doc. 38.) On April 13, 2007 the Sixth Circuit Court of Appeals vacated that Order, explaining: "Because the record indicates that such exhaustion has now been achieved, as the respondent concedes, and because the petitioner properly presented his federal claim in the courts of Ohio, we vacate the district court's order and remand the case for a review of the petitioner's double jeopardy claim on the merits." (Doc. 41.) The Sixth Circuit also found that Petitioner had fairly presented his Double Jeopardy claim to the Ohio courts and those tribunals had concluded their reasoned review of the issue. This conclusion was based upon Petitioner's supplemental motion to dismiss and a hearing on various motions held before his second trial in which Petitioner raised a double jeopardy argument.

After a second trial, Petitioner was re-sentenced to consecutive terms of imprisonment of eight years for each felonious assault offense in Counts 2, 3, 8, and 9; one year for the weapons offense; and three years for the firearm specifications attached to Counts 2, 3, 8, and 9, which were merged for sentencing purposes. An "Entry of Dismissal" was filed on the felonious assault charges in Counts 5 and 6 and the firearm specifications attached to those counts. Petitioner appealed the re-sentencing decision, and the Ohio Court of Appeals affirmed the judgment in part, vacated the sentences in part, and remanded for re-sentencing. *State v. Smith*, 2008 WL 2154770, *4 (Ohio Ct. App. May 23, 2008) (slip op.). The court found that "in light of the recent Ohio Supreme Court decision in *State v. Cabrales*, we conclude that the trial court erred by sentencing

Smith on four felonious-assault counts when there were only two acts and two victims." *Id.* at *3, *citing State v. Cabrales*, 886 N.E.2d 181 (Ohio 2008) (footnote omitted). Both Petitioner and the State appealed this decision, but on March 25, 2009, the Ohio Supreme Court refused to accept the appeals. *State v. Smith*, 121 Ohio St.3d 1425 (Ohio 2009).

On August 6, 2008, Petitioner was re-sentenced for a final time. The court merged the felonious assault counts in Counts 2 and 3 (involving victim Steven Franklin) and Counts 8 and 9 (involving victim Andre Ridley), so that Petitioner was only sentenced to two consecutive eight-year terms of imprisonment for the felonious assault offenses. Petitioner appealed again, but the Ohio Supreme Court refused to accept the appeal. *State v. Smith*, 123 Ohio St.3d 1495 (Ohio 2009).

## II.  MAGISTRATE JUDGE'S R&R

On January 5, 2009 the Magistrate Judge entered a R&R, recommending that the petition be denied with prejudice. The Magistrate Judge found that Petitioner has not demonstrated that his rights under the Double Jeopardy Clause were violated by (1) his retrial on criminal charges after his first conviction was reversed; or (2) the imposition of consecutive sentences on petitioner's felonious assault convictions, as corrected on August 6, 2008 on remand for re-sentencing after his second trial.

In his objections, Petitioner argues that (1) the Magistrate Judge applied the wrong standard of review; (2) the Magistrate Judge erred by finding that there was a judgment of conviction entered on four of the counts following his first trial when the journal entry shows that there was no sentence imposed on these counts; (3) the Magistrate Judge erred by finding that there was a judgment of conviction entered on these four counts when the

sentencing transcript shows that no sentence was imposed on these counts; (4) the Magistrate Judge erred by finding that there was a judgment of conviction entered on these four counts when the Ohio Department of Rehabilitation and Corrections Commitment Papers show Petitioner was not committed to prison for these counts; (5) the Magistrate Judge erred by ignoring the sentencing proceedings wherein "the judge merged the multiplicitous counts in accordance with law;" (6) the state court erred by stating that Petitioner was sentenced on each count; (7) the Magistrate Judge ignored established state and federal precedent in finding that Petitioner was convicted in four of the counts; (8) Ohio's procedure of merging multiplicitous counts is contrary to and an unreasonable application of federal law if it results in multiplicitous convictions even if no sentence is given; (9) the Magistrate Judge erred in determining that Ohio law permits multiple convictions to exist when counts are merged for the sole purpose of sentencing; and (10) the Magistrate Judge erred by finding that Petitioner was convicted of four of the counts when the trial judge merged the multiplicitous counts.

## III. ANALYSIS

### A. Standard of review

In his first objection, Petitioner argues that his petition is properly reviewed as a pre-trial habeas petition under 28 U.S.C. § 2241, and 28 U.S.C. § 2254 is not applicable.

At the outset, the Court notes that Petitioner filed his petition pursuant to section 2254. (*See* Doc. 1.)[2] However, this Court may construe his petition as seeking relief

---

[2] Petitioner did file a *pro se* motion to amend his petition and bring it pursuant to section 2241. (Doc. 47.) However this motion was denied when counsel was appointed to represent him in this matter. (Doc. 56.)

pursuant to section 2241, regardless of the label Petitioner places on his claim. *See Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Section 2254 of the Antiterrorism and Effective Death Penalty Act provides that a federal court:

> may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court' or (2) the state court's decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'

*Fleming v. Metrish*, 556 F.3d 520, 524-25 (6th Cir. 2009), *quoting Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) (quoting 28 U.S.C. § 2254(d)) (citation omitted). The Sixth Circuit has explained that ordinarily a pretrial detainee pursues habeas relief under section 2241 instead of section 2254 because section 2254 applies to a person held "pursuant to the judgment of a State court . . . " *Klein v. Leis*, 548 F.3d 425 (6th Cir. 2008), *quoting* 28 U.S.C. 2254(b)(1). The Sixth Circuit has acknowledged that several federal circuit courts have held that a pretrial detainee's section 2241 Double Jeopardy claims are not subject to AEDPA's deferential standards. *Id.*, *citing Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *Stow v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004); *Gonzalez v. Justices of Mun. Court of Boston*, 382 F.3d 1, 5-7 (1st Cir. 2004), *vacated on other grounds*, 544 U.S. 918 (2005). The Sixth Circuit has also noted that other courts have found that a subsequent conviction could mean that section 2254 and the AEDPA apply again. *Id.*, *citing Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924-25 (10th Cir. 2008) (converting a § 2241 petition to a § 2254 petition and remanding case where jury convicted

petitioner during pendency of his federal habeas appeal); *Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003) (interim plea of guilty alleviated court of duty to determine whether § 2254 or § 2241(c)(3) applied); *but see Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004) (looking at detention as of "the time [the petitioner] filed his petition"); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case . . . ."). However, the Sixth Circuit has not made a definitive ruling as to whether a section 2241 petition should be converted to a section 2254 petition where the state court enters judgment during the pendency of the federal habeas petition.

As this Court has noted, the Sixth Circuit has considered similar pretrial petitions under 28 U.S.C. § 2254, and applied the deferential standard of review required under the AEDPA. *Perkins v. State of Ohio*, 2006 WL 143643, *7 (S.D.Ohio Jan. 19, 2006) (unpublished), *citing Harpster v. Ohio*, 128 F.3d 322, 326 (1997); *Johnson v. Karnes*, 198 F.3d 589, 593 (1999). This Court also noted that in contrast, other circuits have adopted a *de novo* standard of review for pretrial petitions under section 2241. *Id.* at *5, *citing Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (applying *de novo* standard to § 2241 petition of pretrial detainee). This Court finds that regardless of the standard employed, Petitioner's petition should be dismissed.

**A.** **<u>Double Jeopardy claim</u>**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall

"be subject for the same offense to be twice put in jeopardy." However, it has long been settled "that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).

Petitioner's objections numbered two through seven, ten, and eleven center around the argument that no judgment of conviction was entered for Counts 2, 3, 8, and 9. These Counts are four of the six counts of felonious assault with specifications with which Petitioner was charged. The judgment entry made after the first trial shows that Counts 2 and 3 were merged into Count 4 (attempted murder of Steven Franklin) for the purpose of sentence; and Counts 8 and 9 were merged into Count 10 (attempted murder of Andre Ridley) for the purpose of sentence. Petitioner argues that because there was no conviction for these counts, a second trial on these counts was prohibited.

To be clear, at the close of the first trial, Petitioner was convicted of Counts 2, 3, 8, and 9. Petitioner was only acquitted on Count 7, which was the charge of attempted murder.[3] Petitioner's argument is based upon several cases which state that a conviction requires both a verdict and a sentence.[4] However, the issue of whether Petitioner was

---

[3]It has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense. *Green v. U.S.*, 355 U.S. 184, 188 (1957). There is no dispute on this issue.

[4]Specifically, Petitioner cites to *Burton v. Stewart*, 549 U.S. 147 (2007) and *Parr v. United States*, 351 U.S. 513 (1957). The Court finds both these decisions inapplicable to the instant matter. *Burton* addresses the entry of judgment for purposes of the statute of limitations under the AEDPA. *Parr* addresses the issue of finality for purposes of appeal.

convicted has no bearing on the Double Jeopardy inquiry. Jeopardy attaches when the original jury panel is seated and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978). The Supreme Court has formulated a concept of continuing jeopardy, which applies where criminal proceedings against an accused have not run their full course. *Price v. Georgia*, 398 U.S. 323, 326 (1970), *citing Green v. United States*, 355 U.S. 184, 189 (1957). Where a conviction has been set aside because of some error in the proceedings, jeopardy continues and does not prevent a second trial. *Id*.; *see also Lockhart*, 488 U.S. at 38.

Petitioner's convictions were set aside on appeal based upon the denial of Petitioner's constitutional right to defend himself. While the convictions for Counts 2, 3, 8, and 9 were merged for purposes of sentencing, this merger did nothing to alter the continuation of the initial jeopardy that began when the jury was impaneled in the first trial. Therefore, the Magistrate Judge did not err in finding that Petitioner was not entitled to relief because Petitioner was properly retried on all charges that had not resulted in an acquittal at the first trial. The Court reaches this conclusion regardless of whether it is employing the *de novo* standard of review under section 2241 or the standard employed by the Magistrate Judge under section 2254. *See* 28 U.S.C. § 2254(d) (whether state court decisions were (1) "contrary to" or an "unreasonable application of" "clearly established" federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding).

### B. **Multiple punishments**

Petitioner's objections numbered eight, nine, and twelve relate to his argument that

he was subject to multiple punishments in violation of the Double Jeopardy Clause when Counts 2, 3, 8, and 9 were merged for purposes of sentencing. As the Magistrate Judge noted, any claim on this basis was rendered moot by Petitioner's re-sentencing on April 6, 2008.[5] The Court finds that the Magistrate Judge did not err in this conclusion.

### C. Certificate of Appealability

Petitioner argues that the Magistrate Judge erred in not recommending that a certificate of appealability issue.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on the merits, such as in this instance, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This inquiry requires a threshold showing that jurists of reason could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court finds that the Magistrate Judge did not err in not recommending that certificate of appealability should issue on the constitutional claims. While Petitioner has cited to cases which define "conviction" in various contexts outside the context of a Double Jeopardy analysis, Petitioner has not cited to any caselaw which supports his argument that the merging of counts for sentencing purposes bars a second trial on those counts.

---

[5]As noted above, the Ohio Supreme Court refused to accept the appeal from the resentencing, *see State v. Smith*, 123 Ohio St.3d 1495 (Ohio Nov 18, 2009).

Moreover, it has long been established that the government is not prohibited from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.

However, in his objections, Petitioner raised the argument that his petition should be analyzed under 28 U.S.C. § 2241, not 28 U.S.C. § 2254.[6]  Even though it may be debatable among reasonable jurists whether a section 2241 petition should be converted to a section 2254 petition where the state court enters judgment during the pendency of the federal habeas petition, a certificate of appealability only issues upon a showing of a denial of a constitutional right.  The Court has found that Petitioner is not entitled to habeas relief under either provision, and Petitioner has not shown that reasonable jurists would find this Court's assessment debatable or wrong.

## IV.     CONCLUSION

Upon careful consideration of Petitioner's objections, and upon conducting a *de novo* review of the record, the Court finds that the Magistrate Judge's R&R to be correct. Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** his R&R dated January 5, 2009 (Doc. 77).

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice;

2. A certificate of appealability should not issue for the reasons stated herein;

3. With respect to any application by petitioner to proceed on appeal *in forma*

---

[6]The Sixth Circuit has held that a state prisoner who appeals the resolution of a section 2241 petition is required to obtain a certificate of appealability under § 2253(c)(1)(A).  *Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001).

*pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997); and

4. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court