UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Garey Smith,

    Petitioner

    v.                                        Case No. 1:04cv579

Warden, Southern Ohio                    Judge Michael R. Barrett
Correctional Facility,

    Respondent

## ORDER

    This matter is before the Court upon Petitioner's Motion to Reconsider Denial of Habeas Petition and Denial of Certificate of Appealability. (Doc. 92.) Petitioner has filed two Supplements to his Motion. (Docs. 96, 97.)

    Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). Under Federal Rule of Civil Procedure 59(e), there are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

    As his first basis for this Court to reconsider its Order adopting the Magistrate Judge's R&R (Doc. 90), Petitioner argues that the standard of review must be decided by the Sixth Circuit. This Court acknowledged in its Order that the Sixth Circuit has not made

a definitive ruling as to whether a section 2241 petition should be converted to a section 2254 petition where the state court enters judgment during the pendency of the federal habeas petition. Petitioner has not cited any additional caselaw on this issue. However, as the Court held in its previous Order, Petitioner's claim should be dismissed regardless of the standard employed. Accordingly, the Court finds that this is not a basis for reconsidering its Order. *Accord Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

As a second basis for the Court to reconsider its Order, Petitioner cites to the Ohio Supreme Court's decision in *State v. Whitfield*, 922 N.E.2d 182 (Ohio 2010). Petitioner argues that the dissenting opinion in Whitfield demonstrates that "reasonable jurists would find it debatable" whether a state court's merging of counts for purposes of sentencing would bar a second trial on those counts.

In *Whitfield*, the Supreme Court of Ohio addressed Ohio Revised Code § 2941.25(A), which provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The questions before the court were: "(1) What exactly does R.C. 2941.25(A) prohibit when it states that a defendant may be "convicted" of only one of two allied offenses? and (2) When a sentencing court violates this prohibition, what is the proper procedure on remand?" *Id.* at 185.

The court acknowledged that "the statute incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and

multiple punishments for the same offense." *Id.* The case before the court involved the prohibition against multiple punishments. *Id.*

To answer the first question, the court explained that past decisions make it clear that for purposes of section 2941.25, a "conviction" consists of both the guilty verdict and the imposition of a sentence. *Id.*

To answer the second question, the court explained that section 2941.25(A) codifies the judicial doctrine of merger, which operates to merge allied offenses of similar import into a single conviction. *Id.* at 186. The court explained that while a defendant may be indicted and tried for allied offenses of similar import, the defendant may be sentenced on only one of the allied offenses. *Id.* at 187.

The court explained further that "[i]n cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple sentences rather than multiple convictions." *Id.*, *citing Ohio v. Johnson*, 467 U.S. 493, 498 (1984). Therefore, the court explained: "to ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that the trial court effects the merger at sentencing." *Id.* (citation omitted).

The court noted that in the case before it, the court of appeals properly corrected the trial court's error in sentencing the defendant for the allied offenses of drug possession and drug trafficking. *Id.* However, the court found that the court of appeals erred in ordering that this case be remanded to the trial court with instructions to vacate the conviction and sentence for drug possession only. *Id.* The court concluded that the state

retains the right on remand to elect which allied offense to pursue on sentencing. *Id.* at 188.

The court explained that "[n]othing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses." *Id.* Therefore, the court instructed: "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing the allied offenses remained in tact, both before and after the merger of allied offense for sentencing. Thus, the trial court should not vacate or dismiss the guilt determination." *Id.* at 189.

The dissent explained that the majority's analysis "impairs the finality of judgment and may ultimately lead to a violation of a defendant's right to be free from double jeopardy." *Id.* at 189 (Lanzinger, J., dissenting). The dissent explained that the majority's holding conflicts with the concept of merger. *Id.* at 191. Instead, the dissent argued that

> Once the state elects which allied offense it will pursue, that decision should be final, and the trial court should dismiss the other allied count. If the court of appeals reverses the judgment of conviction, the state should not be given a second chance to convict on the charge merged. By holding that the determination of guilt remains undisturbed after the merger of the allied offenses, the majority focuses on the prohibition against multiple punishments for the same offense, but ignores the equally important double jeopardy protection against successive prosecutions for the same conduct.

*Id.*

Petitioner argues that this last statement by the dissent supports his position that when certain counts were merged for purposes of sentencing, the convictions on those counts no longer remained, and he could not be re-tried on those counts.

The Court finds no reason based upon the majority's holding in *Whitfield* to reconsider its previous Order adopting the Magistrate Judge's R&R.  As the majority explained, section 2941.25(A) protects a defendant only from being punished for allied offenses.  The determination of a defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.

However, based upon the opinion of the dissent that leaving the determination of guilt undisturbed after the merger of the allied offenses ignores the double jeopardy protection against successive prosecutions for the same conduct, this Court finds a certificate of appealability should issue with respect to Petitioner's claim that his retrial on criminal charges after his first conviction was reversed violates the Double Jeopardy Clause.  The Court finds that reasonable jurists would find it debatable whether Petitioner's claim on this issue should have been resolved in a different manner.  *See Miller v. El-Cockrell*, 537 U.S. 322, 336 (2003).

Therefore, this Court's Order adopting the Magistrate Judge's R&R (Doc. 90) shall be **AMENDED** as follows:

Upon careful consideration of Petitioner's objections, and upon conducting a *de novo* review of the record, the Court finds that the Magistrate Judge's R&R to be correct.  Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** his R&R dated January 5, 2009 (Doc. 77).

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice;

2. A certificate of appealability should issue with respect to Petitioner's claim

      that his retrial on criminal charges after his first conviction was reversed violates the Double Jeopardy Clause;

3. A certificate of appealability should NOT issue with respect to Petitioner's claim that the imposition of consecutive sentences on Petitioner's felonious assault convictions, as corrected on August 6, 2008 on remand for resentencing;

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith," and, therefore, Petitioner is **GRANTED** leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997); (Doc. 93) and

4. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                  MICHAEL R. BARRETT, Judge
                                                  United States District Court